JOHN LANDA, District Attorney Kenosha County
You ask, "[w] hat qualifications, if any, must be met by a prospective appointee under a county-wide medical examiner program?"
Chapter 247, Laws of 1943, created the first office of medical examiner in this state, applicable only to counties over 500,000 population. On April 4, 1972, an amendment to Wis. Const. art. VI, sec. 4, was ratified which gave the other counties of this state the option of instituting a medical examiner system. Thereafter, implementing legislation was enacted by ch. 272, Laws of 1973. As a result of that legislation, sec. 59.34(1), Stats., was amended to its present form.
You point out, quite correctly, that neither the amended constitutional provision, Wis. Const. art. VI, sec. 4, nor the statutes, directly imposes such qualifications. Neither the constitution nor the statutes even so much as impose the express requirement that a medical examiner be a licensed physician. In this regard, it is perhaps noteworthy that down near the bottom of the legislative drafting file for ch. 247, Laws of 1943, is a handwritten proposed amendment which would have added the language: "Such medical examiner shall be a licensed medical practitioner and a specialist in pathology." Whether or not that language ever found its way into a formal amendment cannot be definitely ascertained at this date. But it is obvious that the Legislature did not expressly impose such a requirement at that time, nor has it at any subsequent session.
In 1949, a bill was introduced at the request of the Wisconsin Bar Association which would have, inter alia, required that medical examiners be licensed to practice medicine and surgery in Wisconsin. Bill 509A, sec. 4 (Wis. 1949). That bill was never enacted. I note, parenthetically, that statutes imposing such a requirement upon the constitutional office of coroner have consistently been upheld. 18 C.J.S. Coroner sec. 5, n. 18, and cases there cited.
Nevertheless, the Legislature has given us some guidance in determining what qualifications should be met by medical examiners by permitting appointments under a civil service system and by enumerating certain duties to be performed by the medical examiner. Sec. 59.34(1), Stats. In counties over 500,000 population, appointments *Page 46 
to the office of medical examiner must be made in accordance with the pertinent civil service provisions, i.e., secs. 63.01 to63.17, Stats. The certification process is discussed in sec.63.05, Stats., and refers to the requirement that those found eligible must have "passed an examination appropriate to the office or position in question." Sec. 63.05(1), Stats. Section63.05(6), Stats., requires that minimum training and experience requirements for the position be "job-related." Section 63.08(1), Stats., specifies more detailed, albeit general, requirements for civil service applications and examinations. These provisions give the Civil Service Commission Board discretion in determining specific requirements for specific offices or positions. Information required in the application must bear upon the applicant's fitness for the office or position in question and the examination must "test fairly and practically the ability of each applicant to fulfill the requirements of the office or position in question." Sec. 63.08(1), Stats. In all other counties, including yours, appointment must be by the county board and may be with or without the requirements of civil service. (You have advised me that Kenosha County has adopted a civil service system only with respect to the sheriff's department.)
In any case, it is clear that the Legislature has provided the counties with extremely wide latitude in determining, through their county board or civil service commission, what they deem to be essential requirements for the office of medical examiner. Certainly, a county board or civil service commission, in selecting an appointee and establishing the requirements of the office, ought to begin by looking at all of the duties common to coroners and medical examiners as set forth in sec. 59.34, Stats., and ch. 979, Stats. More importantly, however, the appointing authority should carefully consider what the Legislature had in mind when it provided for establishing the office of medical examiner and imposing the following duties unique to that office:
 Whenever requested by the court or district attorney, the medical examiner shall testify to facts and conclusions disclosed by autopsies performed by him, at his direction, or in his presence; shall make physical examinations and tests incident to any matter of a criminal nature up for consideration before either court or district attorney when requested so to do; shall testify as an expert for either such court or the state in all matters where such *Page 47 
examinations or tests have been made, and perform such other duties of a pathological or medicolegal nature as may be required. . . .
Sec. 59.34(1), Stats.
Clearly, the Legislature intends that the office of medical examiner be occupied by one who is able to be qualified as an expert witness in the field of pathology. A witness may be, "qualified as an expert by knowledge, skill, experience, training, or education." Sec. 907.02, Stats. Therefore, the county board or civil service commission ought to give appropriate consideration to this requirement for expertise when making the appointment.
Accordingly, it would come as no surprise if a civil service commission, in developing the specific examination for the office, or a county board, in selecting an appropriate appointee, were to determine that these functions could best be fulfilled by a licensed physician certified in pathology. On the other hand, it is quite possible that the appointing authority might adopt less stringent standards which might be better suited to the needs of the particular community. In any event, I believe those qualifications must be consistent with a legislative intent to obtain an "expert" for the job.
I trust that the observations set forth in this letter may prove to be of assistance to you and the citizens of your county.
BCL:JDH